UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------- x

COINBASE FINANCIAL MARKETS, INC.,

Plaintiff,

-against-

WILLIAM TONG, in his official capacity as Attorney General of Connecticut; BRYAN T. CAFFERELLI, in his official capacity as Commissioner of the Connecticut Department of Consumer Protection; and KRISTOFER GILMAN, in his official capacity as Director of Gaming for the Connecticut Department of Consumer Protection,

Defendants.

-------------------------------------------------------------- x

**MEMORANDUM & ORDER**

25-CV-2121 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Before the Court is Plaintiff Coinbase Financial Market's ("Coinbase") Motion for a Preliminary Injunction (the "Motion"). Coinbase seeks an order enjoining Defendants, various Connecticut officials, from enforcing Connecticut's gaming regulatory scheme against Coinbase. Coinbase contends that federal law preempts Connecticut's gaming regulatory regime and related statutes. For the reasons that follow, and largely in line with the Court's companion order in *KalshiEX LLC v. Cafferelli*, No. 25-CV-2016, ECF No. 94, the Motion is **DENIED**. For ease of reference, the Court's opinion in *KalshiEX LLC* is attached to this Order as **Exhibit A.**

## I. BACKGROUND

### A. Factual Background

Because this case presents essentially the same legal issues addressed in the Court's companion opinion in *KalshiEX LLC*, the Court incorporates by reference the background

discussion set forth in Section I.A of that opinion, including the background on derivative contracts, the federal regulation of swaps and event contracts, Kalshi's designation as a designated-contract market ("DCM"), Connecticut's gaming regulatory scheme, and the cease-and-desist letter Connecticut sent to Kalshi. Familiarity with that background is assumed. Accordingly, the Court recounts below only those facts specific to Coinbase and any additional facts necessary to resolve the present Motion.

Coinbase "operates a cryptocurrency exchange platform." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 146 (2024). As relevant here, in January 2026, Coinbase began offering Kalshi's list of event contracts, including sports-event contracts, through its platform.[1] Unlike Kalshi, which is a DCM, Coinbase is a "Futures Commission Merchant ('FCM'), and it serves as an intermediary for customers trading regulated derivatives listed on a DCM, including event contracts on Kalshi."[2] Like Kalshi, however, Coinbase is a CFTC-registered entity, meaning it is regulated by the CFTC under the same regulatory scheme laid out by the Commodity Exchange Act ("CEA").[3]

As did Kalshi in *KalshiEX LLC*, Coinbase seeks a preliminary injunction prohibiting Defendants from enforcing Connecticut's gaming laws against the offering of Kalshi's sports-event contracts. Coinbase advances the same legal theory as Kalshi, contending that the contracts at issue are "swaps" within the meaning of the CEA and that any state regulation of those contracts is therefore preempted by federal law. Coinbase's claims likewise arise from

[1] Compl., ECF No. 1 ¶ 3; *see also* Oral Arg. Tr., ECF No. 84 at 11:22.

[2] ECF No. 1 ¶ 5.

[3] *Id.* ¶ 6.

the same cease-and-desist letter the Connecticut Department of Consumer Protection ("DCP") issued to Kalshi.[4] Coinbase does not allege that Defendants directed any separate enforcement action or other conduct specifically toward Coinbase. Thus, apart from Coinbase's status as an FCM rather than a DCM, this case presents the same operative facts and legal questions addressed in the Court's companion opinion.

### B. Procedural History

Coinbase initiated this action on December 18, 2025.[5] On the same day, Coinbase also filed the Motion.[6] Defendants responded on January 9, 2026,[7] and Coinbase replied on January 30, 2026.[8] A number of Indian tribes and gaming associations also filed an amicus brief in this case.[9] The Court held oral argument on the Motion on February 11, 2026.[10]

---

[4] Coinbase does, however, also point to a similar cease-and-desist letter issued by the DCP to Robinhood, a company Coinbase contends is similarly situated to Coinbase as an FCM that offers access to Kalshi's event contracts.

[5] ECF No. 1.

[6] ECF No. 5.

[7] ECF No. 44.

[8] ECF No. 74.

[9] ECF No. 58-1. The Brief was filed by the Indian Gaming Association, National Congress of American Indians, California Nations Indian Gaming Association, Arizona Indian Gaming Association, Minnesota Indian Gaming Association, Washington Indian Gaming Association, Oklahoma Indian Gaming Association, United South and Eastern Tribes Sovereignty Protection Fund, Native American Finance Officers Association, San Manuel Gaming and Hospitality Authority, and 16 tribes: Agua Caliente Band of Cahuilla Indians; Elk Valley Rancheria; Kickapoo Traditional Tribe of Texas; Lytton Rancheria; Mashantucket Pequot Tribal Nation; Mohegan Tribe of Indians of Connecticut; Morongo Band of Mission Indians; Pechanga Band of Indians; Pokagon Band of Potawatomi Indians; Pueblo of Sandia; Rincon Band of Luiseño Indians; Santa Ynez Band of Chumash Mission Indians; Seminole Tribe of Florida; Spokane Tribe of the Spokane Reservation; Tunica-Biloxi Indian Tribe; and Yuuhaviatam of San Manuel Nation.

[10] ECF No. 82.

## II. DISCUSSION

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "In general, '[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Daileader v. Certain Underwriters at Lloyds London Syndicate 1861*, 96 F.4th 351, 356 (2d Cir. 2024) (quoting *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 667 (2d Cir. 2023)). As discussed below, the Court concludes that all factors weigh in favor of Defendants and accordingly **denies** the motion for a preliminary injunction.[11]

### A. Likelihood of Success on the Merits

The Court, in assessing Plaintiff's likelihood of success on the merits, incorporates the analysis set forth in Section II.A of *KalshiEX LLC*. For the same reasons, the Court concludes Coinbase has failed to establish a likelihood of success on demonstrating either that (1) Kalshi's sports-event contracts, offered through Coinbase, constitute "swaps" within the meaning of the CEA, and (2) that Connecticut gambling laws are preempted by federal law as applied to those contracts.

---

[11] The Court recognizes that Coinbase's briefing is not identical to Kalshi's and that Coinbase advances certain arguments not raised in the companion case, including arguments, for example, that its alleged loss of goodwill among customers in the absence of an injunction demonstrates irreparable harm. The Court has considered each of those arguments and concludes that none alter its analysis or the disposition of the Motion.

**B. Irreparable Harm**

The Court, in assessing the irreparable harm faced by Coinbase in the absence of an injunction, incorporates the analysis set forth in Section II.B of *KalshiEX LLC*. For the same reasons, the Court concludes that the balance of the evidence weighs against a finding of irreparable harm.

**C. Balance of Equities and Public Interest**

Lastly, in assessing the balance of equities and public interest, the Court incorporates the analysis set forth in Section II.C of *KalshiEX LLC*. For the same reasons, the Court concludes that the balance of the equities and the public's interest weigh in favor of Defendants.

## III. CONCLUSION

For the foregoing reasons, the Motion is **DENIED**. Per the Court's previous orders at ECF Nos. 78, 83, the parties are ordered to file their Rule 26(f) Report on or before **August 24, 2026**. Defendants may respond to the Complaint in this matter on or before **August 31, 2026.**

**SO ORDERED.**

Hartford, Connecticut
August 10, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge